# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESTLEY RETZLER,** | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 19-CV-1800** |
| | : | |
| **WILLIAM McCAULEY, III,** | : | |
| *et al.*, | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| **LAURA WARDEN,** | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 19-CV-1801** |
| | : | |
| **WILLIAM McCAULEY, III,** | : | |
| *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                                    **May 6, 2019**

    *Pro se* Plaintiffs Westley Retzler and Laura Warden filed these civil rights Complaints pursuant to 42 U.S.C. § 1983, along with Motions to proceed *in forma pauperis*. For the following reasons, because it appears that both Plaintiffs are unable to afford to pay the filing fee, the Court will (1) grant them leave to proceed *in forma pauperis*, (2) dismiss the Complaints without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to certain Defendants, (3) dismiss the Complaints with prejudice as to certain other Defendants, and (4) permit Retzler and Warden to proceed against certain Defendants and file amended complaints.

**I.     FACTS**

Retzler's and Warden's Complaints are identical. Each name the same 46 individuals and governmental entities as Defendants. Retzler and Warden each allege that they were sued by Bristol Township in the Bucks County Court of Common Pleas in 2013. (ECF No. 2 at 13.)[1] A hearing in the case was scheduled for April 11, 2017, but on that day Retzler was hospitalized and attempted to reschedule the hearing through an unnamed third party. (*Id.*) The hearing, nonetheless, proceeded without him. (*Id.* at 14.) They assert that an unnamed Judge of that Court and unnamed Defendants in this case defamed Retzler and Warden during that proceeding, and they were unaware that the Judge ruled against them. (*Id.*)

Retzler and Warden allege that on April 26 and 27, 2017, unspecified governmental officials entered onto their property at 504 Western Avenue, West Bristol, Pennsylvania without notice or legal right and took their property. (ECF No. 2 at 16.) They assert that they asked unspecified Bristol Township officials from the town's License and Inspection Department ("L&I"), Public Works, Police Department, and Solicitor's Office for legal documentation showing they had the right to enter upon their property, but no official would produce any document to justify their entry.[2] (*Id.*) The Court assumes from the context of the allegations that some of the named individual Defendants, whom Retzler and Warden do not identify **in any way** other than to recite their names in the caption of the Complaint, are employed by Bristol Township

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system. As the two Complaints are identical in all respects save for the name in the caption, page number citations refer to both Complaints.

[2] This is not the first time that Retzler and Warden have brought suit against Bristol Township. *See Retzler v. Bristol Twp.*, Civ. A. No. 08-3269, 2009 WL 691993 (E.D. Pa. Mar. 11, 2009) (granting defense motions to dismiss claims and noting six prior complaints filed in this District to that date).

or Bucks County, and other named Defendants are neighbors of Retzler and Warden who complained to Bristol Township or Bucks County officials about the condition of the Plaintiffs' property. Other than Bristol Township and Bucks County, the only Defendants against whom Retzler and Warden have made specific allegations are Defendants Blalock Auto, Raymond Blalock, and Rob's Towing & Hauling, Inc.[3] Blalock and Blalock Auto are alleged to have entered their property at the direction of officials and seized, confiscated, and destroyed four automobiles. (*Id.* at 21.) Blalock, Blalock Auto, and Rob's Towing and Hauling, Inc. are alleged to have failed to produce legal documentation stating a right to seize their property. (*Id.* at 17.)

## II. STANDARD OF REVIEW

The Court will grant Retzler and Warden leave to proceed *in forma pauperis* because it appears that they are each incapable of paying the fees to commence these civil actions. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaints and dismiss them if, among other things, they are frivolous or fail to state claims. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

---

[3] The spelling of "Blalock" is not consistent in the Complaints. The Court will use the spelling contained in the initial list of Defendants. If Retzler and Warden decide to file amended complaints, they are urged to recite the names of all Defendants precisely and consistently.

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Against Identifiable Defendants

Retzler and Warden allege that Blalock Auto, presumably in the personage of Raymond Blalock, entered upon their property along with unnamed Bristol Township officials from the municipality's Public Works, L&I, and Police Departments, and seized their property without producing legal documentation to do so. While there is no allegation in their Complaints that Blalock Auto/Blalock is a "state actor" for purposes of § 1983, a non-state actor who conspires with a state actor may be liable in a civil rights action. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting . . . 'under color' of law for purposes of § 1983 actions."). The assertions that Blalock Auto/Blalock acted with Bristol Township officials to unconstitutionally enter on their land and seize property is sufficient to pass § 1915 screening.

The allegation against Rob's Towing & Hauling, Inc., however, is less specific. Retzler and Warden each allege that the firm, as well as unnamed Bristol Township Council members, and L&I, Public Works, and police officials, failed to produce legal documentation. Unlike with Blalock, there is no specific allegation that Rob's Towing & Hauling, Inc. was actually involved in the entry upon Retzler's and Warden's land and the seizure of their property and, thus, there is insufficient context for the Court to understand how the failure to produce documentation violated Retzler's and Warden's constitutional rights. Accordingly, the claims against Rob's Towing & Hauling, Inc. are dismissed without prejudice for failure to comply with the requirement in Rule 8 that Retzler and Warden provide a short plain statement showing that they are is entitled to relief from this Defendant under § 1983.

### B. Claims Against Unidentified Defendants

Retzler and Warden, in numerous paragraphs of their Complaints, make allegations of wrongdoing without identifying with specificity which of the named Defendants was involved. For example, they assert that certain Defendants defamed them, and that Bristol Township "officials" entered upon their land, refused to provide documentation, and seized their property, without identifying these officials by name. This is insufficient to meet their Rule 8 obligation to provide enough information to put a defendant on sufficient notice to prepare a defense and also ensure that the Court is sufficiently informed to determine the issue.

### C. Defendants Against Whom No Claim Is Made

In addition to three municipal entities, Retzler's and Warden's Complaints each list the names of 42 private individuals or companies. With the exceptions noted above for Blalock Auto, Raymond Blalock, and Rob's Towing & Hauling, Inc., none of the listed Defendants are mentioned by name in any other portion of the Plaintiffs' Complaints. Accordingly, Retzler and Warden have failed to meet their Rule 8 obligation with regards to these remaining 39 Defendants, each of whom will be dismissed without prejudice and with leave granted to Retzler and Warden to file amended complaints setting forth sufficient information to put those whom they choose to name therein on notice to prepare their defenses and ensure the Court can determine the issue.

### D. Claims Against Municipal Entities

Retzler and Warden list Bucks County, Bristol Township, and the Bristol Township Sewer Department as Defendants. To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading

standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the Defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Even when reading the *pro se* Complaints liberally, the Court cannot discern any allegation of a municipal policy or custom. As stated, it is incumbent upon Retzler and Warden to specify what exactly that custom or policy was that allegedly violated their constitutional rights. Merely reciting the allegedly unconstitutional acts that municipal employees committed is insufficient to create *Monell* liability against Bucks County and Bristol Township. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *Benhaim v. Borough of Highland Park*, Civ. A. No. 11-2502, 2015 WL 105794, at *7 (D.N.J. Jan. 6, 2015) (noting that liability does not "arise on the tautological grounds that the injury in question would not have occurred if officers had been trained to avoid that particular

7

injury; such a claim 'could be made about almost any encounter resulting in injury.'" (quoting *City of Canton v. Harris*, 489 U.S. 378, 391 (1989)). Accordingly, the claims against Bucks County and Bristol Township will be dismissed without prejudice and with leave granted to Retzler and Warden to file amended complaints if they are able to allege facts sufficient to meet their Rule 8 pleading requirement with regard to a *Monell* claims against Bucks County and Bristol Township.

The Complaints list the Bristol Township Sewer Department as a Defendant (ECF No. 2 at 4, 5) and also mention numerous other Bristol Township municipal departments and offices. Following *Monell*, courts concluded that subunits of the local governments are not proper parties to a § 1983 action, but rather are merely vehicles through which the municipality fulfills its functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993); *Korf v. Feldenkreis*, Civ. A. No. 98-2519, 1999 WL 124388 *11 n. 5 (E.D. Pa. Feb. 8, 1999). Thus, while a municipality may be liable under § 1983, subunits of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability" citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988)); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Bristol Township Sewer Department — as well as the other subunits of the Bristol Township government mentioned in the Complaints but not actually listed as Defendants — is not a proper defendant in this case under § 1983 and is dismissed.

## IV.     CONCLUSION

For the reasons stated, the § 1983 claims against Defendants Blalock Auto and Raymond Blalock are sufficient to pass § 1915 screening. The claims against Bristol Township Sewer Authority are dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. The claims against all other Defendants are dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii) and with leave granted to Retzler and Warden to file an amended complaint or complaints.[4] Should Retzler and Warden choose not to file amended complaints, only the claims against Blalock Auto and Raymond Blalock will proceed. The Court will defer service of the Complaint at this time, pending Retzler's and Warden's decisions to file amended complaints. An Order consistent with the Memorandum will be docketed separately.

---

[4] Since the current versions of the Complaints are identical, the Court suggests that, if Retzler and Warden choose to amend, they do so in one joint amended complaint, filed under Civil Action Number 19-1800, signed by both Plaintiffs, and listing both of their names in the caption as Plaintiffs.