# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESTLEY RETZLER,** | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 19-CV-1800** |
| | : | |
| **WILLIAM McCAULEY, III,** | : | |
| *et al.*, | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| **LAURA WARDEN,** | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 19-CV-1801** |
| | : | |
| **WILLIAM McCAULEY, III,** | : | |
| *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**SCHILLER, J.**                                                                                        **JUNE 17, 2019**

        In a prior Memorandum and Order, the Court granted leave to *pro se* Plaintiffs Westley Retzler and Laura Warden to proceed *in forma pauperis*, dismissed their Complaints without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to certain Defendants, dismissed the Complaints with prejudice as to certain other Defendants, and permitted them to proceed against certain Defendants and file amended complaints. They have each filed an Amended Complaint that are identical in all respects. For the following reasons, the two cases will be consolidated for all further purposes under Civil Action Number 19-1800 and the Amended Complaints will be dismissed without prejudice for failure to comply with Rule 8.

Retzler's and Warden's Original Complaints named the same 46 individuals and governmental entities as Defendants and alleged that on April 26 and 27, 2017, unspecified governmental officials entered onto their property at 504 Western Avenue, West Bristol, Pennsylvania without notice or legal right and took their property. (ECF No. 2 at 16.) They asserted that they asked unspecified Bristol Township officials from the town's License and Inspection Department ("L&I"), Public Works, Police Department, and Solicitor's Office for legal documentation showing they had the right to enter upon their property, but no official would produce any document to justify their entry. (*Id.*) In attempting to parse their claims, the Court assumed from the context of the allegations that some of the named individual Defendants, whom Retzler and Warden did not identify **in any way** other than to recite their names in the caption of the Complaint, were employees of Bristol Township or Bucks County, and other named Defendants are neighbors of Retzler and Warden who complained to Bristol Township or Bucks County officials about the condition of the Plaintiffs' property. The only other Defendants against whom Retzler and Warden made specific allegations were Defendants Blalock Auto, Raymond Blalock, and Rob's Towing & Hauling, Inc. Blalock and Blalock Auto were alleged to have entered their property at the direction of officials and seized, confiscated, and destroyed four automobiles. (*Id.* at 21.) Blalock, Blalock Auto, and Rob's Towing and Hauling, Inc. were alleged to have failed to produce legal documentation stating a right to seize their property. (*Id.* at 17.)

In the earlier Memorandum and Order, the Court determined that the assertions that Blalock Auto/Blalock acted with Bristol Township officials to unconstitutionally enter on their land and seize property was sufficient to pass § 1915 screening. The claims against Rob's Towing & Hauling, Inc., however, were dismissed without prejudice because Retzler and

Warden failed to comply with Rule 8's requirement that they provide a short plain statement showing that they were is entitled to relief against this Defendant under § 1983.  Claims against unnamed Bristol Township "officials" who allegedly entered upon their land, refused to provide documentation, and seized their property, were also found insufficient to meet their Rule 8 obligation.  Thirty-nine other Defendants, listed in the caption but who were entirely unmentioned in the body of the Complaints, were dismissed without prejudice and with leave granted to Retzler and Warden to file an amended complaint.  Bucks County and Bristol Township were dismissed without prejudice because Retzler and Warden failed to state a basis for municipal liability against them.  Finally, the Bristol Township Sewer Department was dismissed with prejudice because, as a sub-unit of Bristol Township, it is not a separate entity subject to suit under § 1983.

Retzler and Warden filed amended complaints on June 5, 2019.  Unfortunately, their latest pleadings fall woefully short of the clear and concise explanation of their claims that the Court asked them to provide.  For example, they have failed to provide a caption listing the Defendants they intend to include in the new pleading.  The allegations are redundant, conclusory, and include a great deal of extraneous material such as their own personal opinions about the Defendants' alleged motivations.  Indeed, the new pleading is so confused, ambiguous, vague, and otherwise unintelligible that no Defendant could possibly understand why they are being sued to prepare their defense, and the Court cannot fulfil its function under § 1915(e) of determining whether Retzler and Warden have stated plausible claims.

Accordingly, the Amended Complaints will be dismissed for failure to comply with Rule 8.  The Court will grant Retzler and Warden an opportunity to file a second amended complaint

should they choose to do so.  If they determine to proceed with the case, any new pleading must follow the following guidelines:

    (1) if they both wish to pursue claims, Retzler and Warden must file the new pleading jointly, using Civil Action Number 19-1800;

    (2) the new pleading must be entitled a "Second Amended Complaint";

    (3) the new pleading must be legibly handprinted or typed;

    (4) the new pleading must contain a caption listing each Defendant, identifying the Defendant by name or, if the identity is unknown, as a "John Doe No. X", the "X" being used to sequentially distinguish each such unknown person, with the assigned number used consistently through the pleading to reference that particular person;

    (5) the new pleading must be in a numbered paragraph format with each paragraph setting forth one complete allegation against one named Defendant;

    (6) once an allegation is completely set forth in one numbered paragraph, it must not be repeated in subsequent paragraphs, other than by incorporating the prior numbered paragraph by reference as needed;

    (7) for each named Defendant, Retzler and Warden must describe how that Defendant acted personally to harm them, or if liability is based upon the Defendant's role as a municipal official, how that official is subject to supervisory liability (as described in the Court's earlier Memorandum);

    (8) for each public entity Defendant, Retzler and Warden must describe how that entity acted through a municipal policy or custom to harm them (as described in the Court's earlier Memorandum);

(9) the new pleading must not seek to name as a Defendant a sub-unit of a municipal government, including but not limited to, a municipal department, police department, or office;

(10) the new pleading must not contain any extraneous material, including but not limited to personal opinions and characterizations;

(11) the new pleading must not refer collectively to "officials," but must specifically state which named Defendants undertook what actions;

(12) the new pleading must contain a short and plain statement of the claim showing that Retzler and Warden are entitled to relief against each named Defendant;

(13) the new pleading must contain a demand for the relief sought against each named Defendant.

If Retzler and Warden choose not to file a Second Amended Complaint, only their claims against Blalock/Blalock Auto will proceed. The Court will defer service at this time, pending Retzler's and Warden's decision to file a Second Amended Complaint. An appropriate Order will be entered.