# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESTLEY RETZLER,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 19-CV-1800** |
| | : | |
| **WILLIAM McCAULEY, III,** | : | |
| *et al.*, | : | |
|     **Defendants.** | : | |

| | | |
|---|---|---|
| **LAURA WARDEN,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 19-CV-1801** |
| | : | |
| **WILLIAM McCAULEY, III,** | : | |
| *et al.*, | : | |
|     **Defendants.** | : | |

## <u>MEMORANDUM</u>

**Schiller, J.**                                                                                                      **October 17, 2019**

In a prior Memorandum and Order, the Court granted *pro se* Plaintiffs Westley Retzler and Laura Warden leave to proceed *in forma pauperis*, dismissed their Complaints without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to certain Defendants, dismissed the Complaints with prejudice as to certain other Defendants, and permitted them to proceed against certain Defendants and file amended complaints. After each filed an Amended Complaint that were identical in all respects, the Court entered another Memorandum and Order in which the two cases were Ordered consolidated for all further purposes under Civil Action Number 19-1800, and the Amended Complaints were dismissed without prejudice for failure to comply with Rule 8. Retzler and

Warden were granted leave to file a consolidated Second Amended Complaint ("SAC"), in which they were instructed to follow certain guidelines to ensure that the Court and the defendants they chose to name therein would be able to understand their claims and allegations.[1] The SAC, signed by both Retzler and Warden, is now subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons that follow, certain claims and Defendants will be dismissed with prejudice and the balance of the SAC will be served on the remaining Defendants.

**I.      FACTS**

The SAC names 49 individuals and governmental entities as Defendants.[2] Retzler and Warden assert civil rights claims, apparently pursuant to 42 U.S.C. § 1983, based on two

---

[1] Retzler and Warden were directed to provide a caption in which they listed each defendant; use numbered paragraphs with each paragraph setting forth one complete allegation against one named Defendant; avoid repeating the same allegation once completely set forth in one numbered paragraph; describe how that Defendant acted personally to harm them; eliminate extraneous material, personal opinions, and characterizations; and avoid referring collectively to "Defendants." (ECF No. 7 at 4-5.) The Court notes, initially, that Retzler and Warden have failed to follow the Court's directive that they avoid repetitious allegations. The SAC, comprising 69 numbered paragraphs of factual allegations, is highly repetitive, asserting the same basic facts over and over again. Rather than following the Court's instruction to set forth paragraphs containing one complete allegation against one named Defendant, each of their numbered paragraphs again include allegations against numerous named Defendants without, in many cases, identifying how each person was responsible for the conduct they describe. In other instances, rather than name individuals, they merely list persons by the "number" they assigned to them in the caption without articulating any particular action the referenced individual may have taken to harm them. In addition, each named Defendant is named in numerous repetitive paragraphs containing similar allegations.

[2] As "numbered" by Retzler and Warden, the Defendants, whose affiliations are scattered among the SAC factual allegations and whose names are inconsistently spelled throughout, are: 1. William McCauley, III, Bristol Township Manager; 2. Adam D. Flager, attorney for Bristol Township; 3. Edward J. Zanie (no affiliation provided; the Court notes that an attorney named Edward J. Zanine is noted as a deceased member of Flager & Associates on that law firm's website www.flagerlaw.com (last visited October 11, 2019)); 4. Scott Swichar, Bristol Township employee; 5. Craig Bowen, Bristol Township Council; 6. Amber Longitano, Bristol Township Council; 7. Patrick Antonello, Bristol Township Council; 8. Robert Coulton, Bristol Township Police Chief; 9. Bristol Township Sewer Department; 10 Randell C. Flager, attorney for Bristol Township and Bucks County Prothonotary; 11. Thomas Scott, Bristol Township Building and

2

apparently separate but related incidents as well as a third, unrelated, incident. The first incident, which makes up the bulk of the SAC's repetitive allegations, involves the removal of three motor vehicles and a motor home from their property by Bristol Township employees on April 26 and/or April 27, 2017, apparently in response to nuisance complaints from neighbors. This was allegedly accomplished under the direction of Defendants William McCauley, III, Robert McTaque, Thomas Scott, Scott Swichar, and supervised by Bristol Township Police Chief Robert Coulton, Lieutenant Ralph Johnson, Police Officer Mark Titus and Police Officer Robert Swartzwalter. (SAC, ECF No. 13, at ¶¶ 20-21, 25, 27, 56-61.) Also named on these claims are members of the Bristol Township Council, Bristol Township employees and attorneys. (*Id.* ¶ 20.)

The vehicles were allegedly removed by Defendant Raymond Blalock and his company Blalock Automotive. (*Id.* ¶¶ 22, 38.) During the incident, Police Officer Kevin Jackson allegedly restrained Retzler and Warden from their attempt to interfere with the activities of the Bristol officials. (*Id.* ¶ 27.) Bristol Township Public Works employees Dave Capponi and Carl Demidio removed the mobile home. (*Id.* ¶¶ 23, 34-36.) Defendant Ronald Flager, an attorney and solicitor

---

Planning Officer; 12. Ralph Johnson, Bristol Township Police Lieutenant; 13. Cynthia Murphy, Bristol Township Council; 14. Joseph Glasson, Bristol Township Council; 15. Howard Allen, Bristol Township Council; 16. Raymond Blalock, owner of Blalock Automotive; 17. Robert Swartzwalter, Bristol Township Police Officer; 18. Thomas Barton, Bristol Township Police Officer; 19. Kevin Jackson, Bristol Township Police Officer; 20. Jeffery Trauger, Bucks County Judge; 21. Francis X. Phillips, Finance Director (employer not stated); 22. Robert McTaque, Bristol Township employee; 23. Mark Titus, Bristol Township employee; 24. Larry J. Mascia III, Bristol Township employee; 25. Carl Demidio, Bristol Township employee; 25-1. John Doe #1; 26. Dave Capponi, Bristol Township employee; 27. Township of Bristol; 28. Dennis Eustace, neighbor; 29. Cheryl Eustace, neighbor; 30. Wayne Duke, neighbor; 31. Elizabeth Duke, neighbor; 32. Kenneth Meehan, neighbor; 33. Michael Litz, neighbor; 34. Carol Litz, neighbor; 35. Theodore Shire, neighbor; 36. Howard McGoldrick, neighbor; 37. George Shetzline, neighbor; 38. Helen Kustowski, neighbor; 39. Joseph Tillo, neighbor; 40. Deborah Tillo, neighbor; 41. Rob's Towing & Hauling; 42. Robert A. Leipziger (no affiliation provided); 43. Blalock Automotive; 44. County of Bucks; 45. Sherry Flager, attorney for Bristol Township; 46. John Doe #2; 47. Michael S. Levin, attorney for Bristol Township; 48. Tina Davis (no affiliation provided).

for the Township, allegedly conspired with the Township Deputy Manager Scott Swichar and others to enter onto Retzler's and Warden's property and, when contacted by telephone by other Defendants who were on-site, Flager allegedly told them "I don't care just take it all, those two (Retzler and Warden) don't deserve to have nothing!" (*Id.* ¶ 25 (quotation marks and punctuation in original).) Retzler and Warden repeatedly allege that the Township Defendants acted to enter their property and seize their vehicles based on the complaints of their neighbors, Dennis Eustace, Cheryl Eustace, Michael Litz, Carol Litz, Kenneth Mehan, Wayne Duke, Elizabeth Duke, Joseph Tillo, Deborah Tillo, Theodore Shire, George Shetzline, Howard McGoldrick, and Helen Kustowski (collectively "the Neighbor Defendants"). (*Id.* ¶ 26, 53-54, 56.) They also repeatedly allege that the Township officials refused to tell them who ordered the removal of their vehicles and damaged their property during the operation. (*Id.* ¶¶ 24-39, 50-51, 52.) Defendant Blalock refused to release the vehicles that had been stored at his business. (*Id.* ¶¶ 40, 64.) Retzler and Warden assert that Randell Flager, Edward Zanie, Adam Flager and Sherry Flager badgered and physically assaulted them. (*Id.* ¶ 61.)

The second and perhaps related incident involves a case or cases filed in the Bucks County Court of Common Pleas by Bristol Township against Retzler, and possible, cases filed by Retzler and Warden against many of the same Bristol Township and Bucks County Defendants named in this case. Retzler and Warden assert that the Defendants therein were represented by Randell Flager, Adam Flager and Michael S. Levin, in their capacity as solicitors for the Bucks County Prothonotary.[3] (*Id.* ¶¶ 28, 42.) The case was assigned to Defendant Judge Jeffrey Trauger, who allegedly allowed the case to remain dormant for five years. (*Id.*) The case was then calendared

---

[3] It is unclear from the SAC whether the court case in Bucks County contains any claim also alleged here. For § 1915 screening purposes **only**, the Court will assume the claims are distinct and there are no collateral estoppel issues.

4

for a date that Retzler was in the hospital and allegedly proceeded without him present. (*Id.* ¶¶ 29-30.) The attorneys allegedly defamed Retzler during the proceeding, and were operating under conflicts of interest. (*Id.* ¶¶ 31, 47, 49.) Retzler and Warden allege that they eventually learned that the entry onto their property and the removal of the vehicles was ordered by Judge Trauger after the hearing that Retzler could not attend. (*Id.* ¶ 41.) They also assert that their applications to proceed *in forma pauperis* in that Court have been delayed by the judges in their cases at the behest of Randell Flager. (*Id.* ¶¶ 43-46.)

Finally, in what appears to be an entirely unrelated allegation, Retzler and Warden assert a civil rights violation because payments they made for their sewer bills were not properly credited. (*Id.* ¶¶ 65-68.)

## II.     STANDARD OF REVIEW

Retzler and Warden were previously granted leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the SAC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Retzler and Warden are proceeding *pro se*, the Court construes their allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *but see Argentina v. Gillette*, No. 19-1348, 2019 WL 2538020, at *1 (3d Cir. June 20, 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

5

Section 1915(e)(2)(B)(i) requires the Court to dismiss claims if they are frivolous. A claim is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

## III. DISCUSSION

### A. Claims Against the Neighbor Defendants

Retzler and Warden have sued numerous of their neighbors for civil rights violations who allegedly complained to Bristol Township officials about the condition of their property. The vehicle by which one may assert civil rights claims in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private person has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

There is no plausible assertion that the Neighbor Defendants qualify as state actors for purposes of § 1983. There is no allegation that they exercised a traditional state power, acted in concert with state actors, or were joint participants in the actions of the Bristol Township Defendants. Merely making complaints to municipal officials about an alleged nuisance does not convert a private person into a state actor subject to liability for constitutional violations under § 1983. *See e.g.*, *Orkowski v. McCauley*, Civ. A. No. 19-2087, 2019 WL 2246781, at *4 (E.D. Pa. May 22, 2019) (holding that neighbors who passed information to Township officials or police that caused them to act were not state actors) (citing *Simmer v. Kehler*, Civ. A. No. 15-2285, 2015 WL 6737017, at *3 (D.N.J. Nov. 2, 2015) (collecting cases and holding that "[m]erely giving information to police officers is insufficient to convert a private party into a state actor")); *Cvetko v. Derry Twp. Police Dep't*, Civ. A. No. 09-1260, 2010 WL 1791140, at *4 (M.D. Pa. May 4, 2010) ("[A] private actor does not proceed under color of state law merely by furnishing the police with information pertaining to a possible public disturbance."). Allegations that certain neighbors were hostile, boastful bullies, who made rude gestures or watched as the Township employees conducted the removal of the vehicles (*see* ECF No. 13 at ¶ 26), are likewise insufficient to convert them into state actors.[4] Accordingly, the claims against Dennis Eustace, Cheryl Eustace, Michael Litz, Carol Litz, Kenneth Mehan, Wayne Duke, Elizabeth Duke, Joseph Tillo, Deborah Tillo, Theodore Shire, George Shetzline, Howard McGoldrick, and Helen Kustowski are dismissed pursuant to § 1915(e)(2)(B)(ii). As Retzler and Warden have already been granted two prior opportunities to state plausible claims against the Neighbor Defendants and it appearing that any further attempt would be futile, the dismissal of the Neighbor Defendants will be with prejudice.

---

[4] Dennis Eustice, Cheryl Eustice and Kenneth Mehan also allegedly ignored provisions of a settlement agreement. (ECF No. 13 at ¶ 19.) This too fails to state a plausible § 1983 claim.

### B. Claims Against Judge Trauger

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

The claims against Defendant Trauger are based on actions that fall within this sphere of judicial immunity. All claims asserted against Judge Trauger stem from his adjudication of Retzler's and Warden's lawsuits in the Bucks County Court of Common Pleas. (*See* ECF No. 13, ¶¶ 19, 28-33, 37, 41.) While they assert that Judge Trauger (or perhaps another, non-Defendant judge) purposefully delayed the adjudication of their motions to proceed *in forma pauperis* and decided a case while Retzler was hospitalized and unavailable to attend, even if true these are clearly activities taken in his judicial capacity and for which he is absolutely immune. Accordingly, the claims against Judge Trauger are dismissed with prejudice as legally frivolous pursuant to § 1915(e)(2)(B)(i).

### C. Claims Against Bristol Township Council Members

Although named as Defendants in the caption of the SAC, Retzler and Warden fail to allege any act concerning members of the Bristol Township Council other than to refer to them by their "number" in paragraphs that concern the actions of other Defendants (*see e.g.*, ECF No. 13 at ¶¶

8

16, 18, 19, 25), or to assert liability for any reasons other than their membership in that body. Other than conclusory allegations that they engaged in a conspiracy with others, the only substantive allegations against Defendants Craig Bowen, Amber Longitano, Patrick Antonello, Cynthia Murphy, Joseph Glasson, and Howard Allen is that they are members of the Bristol Township Council, several of whom refused to respond to Retzler's and Warden's letters or requests for information. (ECF No. 13 at ¶¶ 20, 37.) Because these conclusory allegations and limited specific allegations fail to state a plausible claim for civil rights violations, the claims against these Defendants will also be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) since Retzler and Warden have already been granted the opportunity to amend their pleading and further amendment would be futile.

### D. Claims Against Robert A. Leipziger and Tina Davis

The Court's review of the SAC reveals that Retzler and Warden do not appear to assert any substantive factual allegation concerning Robert A. Leipziger or Tina Davis. Leipziger is referred to by reference to his number in the list of Defendants (Number 42) in Paragraphs 1-5, 7, 23, 60, and 61 of the SAC, but those paragraphs contain no mention of his name or a factual allegation that identifies him. Davis, likewise, is referred to by reference to her number in the list (Number 48) in Paragraphs 37-40 and 69, but those paragraphs contain no mention of her name or factual allegations that identify her. The only time Davis is mentioned by name is in Paragraph 63 where Retzler and Warden allege that "Tina Davis went along to get along politically to get her [indecipherable] James Davis clear of criminal charges." This allegation fails to state any plausible civil rights claim against Davis. In light of the prior opportunities to amend granted to Retzler and Warden, the Court finds that further amendment would be futile and these Defendants are dismissed with prejudice.

9

### E. Claims Against Rob's Towing and Hauling, Inc.

In their initial Complaint, Retzler and Warden named Rob's Towing and Hauling, Inc. as a Defendant, alleging that it failed to produce legal documentation stating it had a right to seize their property. (ECF No. 2 at 17.) Rob's Towing was dismissed because the allegation against it failed to comply with Fed. R. Civ. P. 8's requirement that Retzler and Warden provide a short plain statement showing that they were entitled to relief under § 1983 against this Defendant. (ECF No. 4 at 5.) Retzler and Warden have again included Rob's Towing and Hauling, Inc. in the caption of the SAC, listing it as Defendant Number 41. The only substantive allegations that names this Defendant asserts, after mentioning their motor home, that "Rob's Towing and Hauling removed from the Plaintiff(s) property . . . without authorization to do so." (ECF No. 13 at ¶ 60 (address omitted.) This allegation again fails to state a plausible § 1983 claim. There is insufficient information alleged in order to consider Rob's Towing and Hauling, Inc. a state actor or that it can be deemed to be a state actor under the standard set forth above. Accordingly, Rob's Towing and Hauling, Inc. is dismissed with prejudice since Retzler and Warden have already been given an opportunity to amend, have failed to follow the Court's instruction to provide sufficient information to comply with Rule 8, and further amendment would be futile.

### F. Claims That Are Time Barred

In introductory paragraphs of the SAC, Retzler and Warden repeatedly assert that they were injured due to conduct by the Defendants — identified only by their "number" — occurring during the past ten to twenty years. (*See, e.g.*, ECF No. 13 at ¶ 3 ("The Plaintiff(s) have had forced upon them mental anguish numerous amount of times causing medical issues and a most significant shortening of their lifespan most probably more than ten (10) years due to Defendant(s) actions (some more than 20 years)."); ¶ 5 (mentioning fifteen year time period); ¶ 8 (alleging mental and

physical injury "since 1999"); ¶¶ 9-14 (asserting injury for 20 years); ¶¶ 52-53 (same). They also specifically assert that, in 2000, 2003, 2005, and 2009, Bristol Township and Bucks County engaged in malicious and selective prosecution of them for criminal, traffic and property violations, instituted by Defendants William McCauley, Thomas Scott, Randell Flager and Adam Flager, in order to appease neighbors. (*Id.* ¶ 15.) To the extent that these introductory paragraphs and Paragraph 15 attempt to state separate civil rights claims apart from the incidents described above, the allegations are wholly conclusory and are clearly time barred.

The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, limitations period applicable to all of Retzler's and Warden's § 1983 claims is two years.

In Pennsylvania, however, the discovery rule may operate to delay the running of the statute of limitations in certain circumstances. *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("[T]he discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine*, at 859. "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou*, 195 A.3d at 893. (citations omitted). However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to

11

meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858).

Whether or not Pennsylvania's discovery rule applies in a given case is a question of fact. *Id.* at 894; *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). As such, it is properly a question for the jury unless no reasonable juror could find otherwise. *Fine*, 870 A.2d at 858-59. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

It is clear on the face of Retzler's and Warden's SAC that claims dating back up to 20 years are time barred since no reasonable juror could find otherwise. Given the considerable history of prior litigation between the parties, Retzler and Warden cannot be deemed to have been unable despite the exercise of reasonable diligence to have known they were injured and what allegedly caused their injury. Accordingly, to the extent that they assert any plausible factual basis for a claim preceding the two-year limitations period, those claims are deemed time barred and dismissed with prejudice.

### G.     Claims Against Attorneys/Solicitors

Defendants Randell Flager, Adam Flager, Sherry Flager, Michael S. Levin (and possibly Edward Zanie/Zanine) are sued by Retzler and Warden for actions they took as attorneys or solicitors for Bristol Township or the Bucks County Prothonotary. Randell[5] is alleged to have "abused his given authority and conspire[d]" with Bristol Township officials and police officers to enter Retzler's and Warden's property and take their property, (ECF No. 13 at ¶¶ 21, 25, 51);

---

[5] Because there are multiple Defendants with the same last name, the Court will refer to them in this section by their first names.

failed to properly notify them of hearings in civil actions (*id.*, ¶¶ 16, 18, 28, ); slandered Retzler during a court hearing (*id.*, ¶¶ 31, 48); ignored a registered letter and a process server about the vehicles[6] (*id.*, ¶¶ 39, 63); acted under a conflict of interest when he wrote a letter to a Bucks County judge in his capacity as Solicitor for the Prothonotary questioning whether Retzler was entitled to proceed *in forma pauperis*, (*id.*, ¶ 43); "worked" to delay and have one of Retzler's civil actions dismissed, (*id.* ¶ 46); filed lawsuits against Retzler and Warden "over the last 20 years" based on the complaints of neighbors, (*id.* ¶¶ 52-54); and badgered, verbally harassed and threatened Retzler and Warden when the two went to his law office to ask about their property (*id.*, ¶ 61). Adam and Defendant Levin are named in many of the same Paragraphs as Randell and are additionally alleged to have acted to have one of Retzler's and Warden's lawsuits dismissed before they were granted *in forma pauperis* status and slandered them. (*Id.*, ¶¶ 45, 47.) The only substantive allegation against Sherry is that she, along with the other Attorney Defendants verbally harassed, threatened and physically assaulted Retzler when he came to the law office. (*Id.*, ¶ 61.) There are no substantive allegations against Zanie/Zanine. All of the Attorney Defendants are also listed by number in numerous other paragraphs of the SAC, without being identified by name and without any specific action being asserted.

While Courts have repeatedly held that an attorney does not act under color of state law simply by virtue of acting as an attorney or solicitor on behalf of a municipal entity, *see, e.g.*, *Angelico v. Lehigh Valley Hosp.*, 184 F.3d 268, 277 (3d Cir. 1999); *Anderson v. Perhacs*, Civ. A. No. 11-289, 2013 WL 1336124, at *4 (W.D. Pa. Mar. 29, 2013); *Spradlin v. Borough of Danville*,

---

[6] The allegation in Paragraph 39 is incomprehensible. Retzler and Warden appear to assert something about the attempt to recover their vehicles, and to notify Defendants of their intent to recover their vehicles by registered mail and through a process server. They also mention the Pennsylvania Department of Transportation, and mention they were ignored. In Paragraph 63 they assert that Randall would not "give Plaintiff(s) a hearing as per title letter from PennDot."

Civ. A. No. 02-2237, 2005 WL 3320788, at *3 (M.D. Pa. Dec. 7, 2005), "there are three exceptional circumstances in which an attorney may become a state actor: (1) by acting as a state official, (2) by conspiring with a state official to deprive a person of his or her constitutional rights, or (3) by engaging in some action that is by its nature, chargeable to the state." *Willis v. Carroll Twp.*, Civ. A. No. 07-949, 2008 WL 644762, at *5 (M.D. Pa. Mar. 5, 2008) (internal citations and quotation marks omitted). In contrast, where the attorney is engaging in the rendering of advice to a municipal client, drafting legal documents, or otherwise engages in litigation or equivalent legal activities, he or she will generally not be subject to liability as a state actor. *Angelico*, 184 F.3d at 276-78; *Willis*, 2008 WL 644762, at *5-6. In short, "[w]hen a municipality's attorney goes beyond the traditional attorney-client relationship, she may become a state actor." *Belkowski v. Kruczek*, Civ. A. No. 09-1549, 2010 WL 1433099, at *3 (W.D. Pa. Apr. 7, 2010) (citing *Frompovicz v. Twp. of S. Mannheim*, Civ. A. No. 06-2120, 2007 WL 2908292, at *8 (M.D. Pa. Oct. 4, 2007) (plaintiff stated a viable § 1983 claim against an attorney who goes beyond making recommendations and decides official government policies); *Willis*, 2008 WL 644762, at *6 (characterizing *Frompovicz* as "holding that a township solicitor acted under color of state law when he exercised policy-making authority")).

The claims against the Attorney Defendants described above are, with the exceptions indicated next, all based on their actions as lawyers representing clients who interests were adverse to those of Retzler and Warden and cannot be the basis of a plausible § 1983 claim. These include the claims based on their advising and representing Bristol Township officials and police officers with regard to the incident involving the entry onto Retzler's and Warden's property and taking of their property, and their representation of Bristol Township and the Bucks County Prothonotary in lawsuits involving Retzler and Warden. Because the Attorney Defendants were engaged in

14

traditional attorney-client relationship activities, they cannot be considered state actors based on these activities and the claims asserted against them must be dismissed pursuant to § 1915(e)(2)(B)(ii).[7]

The only § 1983 claims that do not appear to be directly based on the Attorney Defendants' representational activities are those involving the alleged incident at the law office. However, the allegation that Randell, Adam, Sherry and Levin badgered, verbally harassed, threatened, and/or physically assaulted Retzler when he came to the law office do not rise to the level of a constitutional violation for which they would be subject to liability under § 1983. Rather, the conduct described in this allegation states only possible state law tort claims. *See, e.g., Garvey v. Barnegat Bd. of Educ.*, Civ. A. No. 07-6134, 2008 WL 2902617, at *6 (D.N.J. July 24, 2008) (holding that allegations of threats and verbal harassment do not constitute the violation of any federally protected right, and thus, cannot establish a Section 1983 claim) (citing *Banda v. Corzine*, Civ. A. No. 07-4508, 2007 WL 3243917 (D.N.J. Nov. 1, 2007) (verbal harassment, taunts, threats, or use of profanity alone do not state constitutional claims and are not actionable under § 1983)); *Crouch v. Archer*, Civ. A. No. 06-5629, 2006 WL 3676488, at *3 (D.N.J. Dec. 11, 2006) ("To the extent that Crouch is asserting a claim of assault, battery or other intentional tort against this non-state actor, such claims are common law tort actions."); *Bieros v. Nicola*, 860 F. Supp. 226, 233 (E.D. Pa. 1994) (noting that "[m]ere verbal harassment . . . does not rise to the level of a

---

[7] In many of the cited paragraphs, Retzler and Warden include the "number" of other Defendants with no explanation how they were involved in the alleged actions described therein. To the extent that any other Defendant was intended to be named on these claims, they are dismissed pursuant to § 1915(e)(2)(B)(ii) and Rule 8 since they are not identified by name — or any other information other than the number — that would permit the Defendants and the Court to understand the basis for any claim against them. Having permitted prior attempts at amendment, given the failure to provide any information the claims are dismissed with prejudice and further amendment will be not permitted.

constitutional deprivation so as to qualify for a claim under [S]ection 1983, unless fulfillment of that threat was conditioned on plaintiff exercising some constitutionally protected right"). Accordingly, all § 1983 claims against the Attorney Defendants are subject to dismissal.

Because the Court has dismissed the § 1983 claims against the Attorney Defendants, the Court will not exercise supplemental jurisdiction over any state law claims against them. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Because all parties are Pennsylvania citizens, there is no basis to assert diversity jurisdiction over Retzler's and Warden's state law claims against the Attorney Defendants which will be dismissed without prejudice.

### H. Claims Involving Sewer Bills

The Court previously dismissed the Bristol Township Sewer Department with prejudice since a subunit of a municipal government is not a proper party in a § 1983 action. (*See* ECF No. 4 at 8.) Nonetheless, Retzler and Warden have again named it as a Defendant. For the reasons previously stated, the Bristol Township Sewer Department is again dismissed with prejudice.

Although the Bristol Township Sewer Department is not a proper party, the claims involving Retzler's and Warden's sewer bills may be plausible. Francis X. Phillips, who is identified as the "Director of Finance" (ECF No. 13 at ¶ 65), allegedly received bank checks in 2017 from Retzler and Warden totaling $3584 to pay their sewer bills from 2012-2014, but did not negotiate the checks, and held them for a period of nine months. (*Id.* ¶ 21, 25, 65, 66 and 68.) They allege this violated their civil rights. This claim, however, appears to be entirely unrelated to the other claims raised by Retzler and Warden about the entry onto their property.

The Court will sever the claims based on sewer bills from the claims based on the entry onto Retzler's and Warden's property and the seizure of their vehicles. Federal Rule of Civil Procedure 20 allows a plaintiff to join multiple defendants in one action if: (a) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (b) "any question of law or fact common to all defendants will arise in the action." "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

"But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit." *McKinney v. Prosecutor's Office*, Civ. A. No. 13-2553, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014) (internal quotations omitted). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Indeed, "[t]he courts[] . . . have frowned on prisoners' attempts to lump together their multifarious grievances

about life in a single prison, let alone multiple prisons." *McKinney*, 2014 WL 2574414, at *15. To remedy a misjoinder, a Court may add or drop a party or sever any claims. Fed. R. Civ. P. 21. "A district court has broad discretion in deciding whether to sever a party pursuant to Federal Rule of Civil Procedure 21." *Boyer v. Johnson Matthey, Inc.*, Civ. A. No. 02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004). Because the allegations concerning the sewer bills concern an essentially distinct sets of events, the claim will be severed under Rule 21.[8]

## IV. CONCLUSION

For the reasons stated, all § 1983 claims against the following Defendants, as numbered in the caption of the SAC, are dismissed with prejudice: 2. Adam D. Flager; 3. Edward J. Zanie; 5. Craig Bowen; 6. Amber Longitano; 7. Patrick Antonello; 9. Bristol Township Sewer Department; 10 Randell C. Flager; 13. Cynthia Murphy; 14. Joseph Glasson; 15. Howard Allen; 20. Jeffery Trauger; 28. Dennis Eustace; 29. Cheryl Eustace; 30. Wayne Duke; 31. Elizabeth Duke; 32. Kenneth Meehan; 33. Michael Litz; 34. Carol Litz; 35. Theodore Shire; 36. Howard McGoldrick; 37. George Shetzline; 38. Helen Kustowski; 39. Joseph Tillo; 40. Deborah Tillo; 41. Rob's Towing & Hauling; 42. Robert A. Leipziger; 45. Sherry Flager; 47. Michael S. Levin; and 48. Tina Davis. The state law claims against Adam D. Flager, Randell C. Flager, Sherry Flager and Michael S. Levin are dismissed without prejudice for want of subject matter jurisdiction. In addition, the

---

[8] In the accompanying Order, the Clerk of Court will be directed to open a new civil action using a copy of that Order and a copy of the SAC filed in this action naming. The new civil action will name Retzler and Warden as the Plaintiffs and Francis X. Phillips as the Defendant. To the extent Retzler and Warden seeks to proceed on claims related to their sewer bills, they must do so in the new civil action rather than in this case. Retzler and Warden will be granted leave to file an amended complaint in the newly opened matter within thirty (30) days if they choose to do so. The Order will also provide that any new version of the pleading: (1) must be limited to only those claims involving sewer bills, (2) may not include any claim previously dismissed or permitted to be served in this case, and (3) must follow the guidelines previously set forth in the Court's Memorandum and Order entered on June 17, 2019, that Retzler and Warden were required to use in drafting amended pleadings.

18

claim against Francis X. Phillips (Defendant 21) is severed pursuant to Rule 21, and the Clerk of Court will be directed to open a new civil action naming Phillips as the sole Defendant to permit Retzler and Warden to pursue their claim against him involving their sewer bills. Retzler and Warden will also be permitted to file an amended complaint in that new civil action to attempt to state a plausible claim.

The remaining Defendants as numbered in the caption of the SAC, are: 1. William McCauley III; 4. Scott Swichar; 8. Robert Coulton; 11. Thomas Scott; 12. Ralph Johnson; 16. Raymond Blalock; 17. Robert Swartzwalter; 18. Thomas Barton; 19. Kevin Jackson; 22. Robert McTaque; 23. Mark Titus; 24. Larry J. Mascia III; 25. Carl Demidio; 25-1 John Doe #1; 26. Dave Capponi; 27. Township of Bristol; 43. Blalock Automotive; 44. County of Bucks; and 46. John Doe #2. Only these Defendants will be served with the SAC. The only claims that survive § 1915 screening, and for which the remaining Defendants will be required to file a responsive pleading, are those claims involving the incident alleged to have occurred on April 26 and/or April 27, 2017 involving the entry onto Retzler's and Warden's land and the seizure of their property. An appropriate Order follows.