# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WESTLEY RETZLER,** : | |
|     **Plaintiff,** : | |
| : | |
|     v. : | **CIVIL ACTION NO. 19-CV-1800** |
| : | |
| **WILLIAM McCAULEY, III,** : | |
| *et al.*, : | |
|     **Defendants.** : | |

| | |
|---|---|
| **LAURA WARDEN,** : | |
|     **Plaintiff,** : | |
| : | |
|     v. : | **CIVIL ACTION NO. 19-CV-1801** |
| : | |
| **WILLIAM McCAULEY, III,** : | |
| *et al.*, : | |
|     **Defendants.** : | |

## ORDER

**AND NOW**, this **17th** day of **October 2019**, upon consideration of Plaintiff Westley Retzler's and Laura Warden's Second Amended Complaint and Supportive Documents (Civ. A. No. 19-1800, ECF No. 13; Civ. A. No. 19-1801, ECF Nos. 13, 14), it is **ORDERED** that:

    1.    All claims against Defendants Craig Bowen, Amber Longitano, Patrick Antonello, Cynthia Murphy, Joseph Glasson, Howard Allen, Jeffery Trauger, Dennis Eustace, Cheryl Eustace, Wayne Duke, Elizabeth Duke, Kenneth Meehan, Michael Litz, Carol Litz, Theodore Shire, Howard McGoldrick, George Shetzline, Helen Kustowski, Joseph Tillo, Deborah Tillo, Rob's Towing & Hauling, Robert A. Leipziger, and Tina Davis are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. All claims against Defendant Bristol Township Sewer Department are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. All claims against Defendants Adam D. Flager, Edward J. Zanie, Randell C. Flager, Sherry Flager, and Michael S. Levin brought pursuant to 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. All state law claims against Defendants Adam D. Flager, Edward J. Zanie, Randell C. Flager, Sherry Flager, and Michael S. Levin are **DISMISSED WITHOUT PREJUDICE** for want of subject matter jurisdiction.

5. All claims against Defendant Francis X. Phillips and all claims concerning the improper crediting of Retzler's and Warden's sewer bill payments are **SEVERED** pursuant to Fed. R. Civ. P. 21.

6. The Clerk of Court is **DIRECTED** to open a new civil action using a copy of this Order and a copy of the Second Amended Complaint filed in this action naming Westley Retzler and Laura Warden as the Plaintiffs and naming Francis X. Phillips as the Defendant. To the extent Retzler and Warden seeks to proceed on claims against Francis X. Phillips related to their sewer bills, they must do so in the new civil action rather than in this case. Westley Retzler and Laura Warden are **GRANTED** leave to file an amended complaint in the newly opened matter within thirty (30) days if they choose to do so. Any new version of the pleading: (1) shall be limited to only those claims involving sewer bills, (2) may not include any claim previously dismissed or permitted to be served in this case, and (3) must follow the guidelines previously set forth in the Court's Memorandum and Order entered on June 17, 2019 (ECF Nos. 7, 8), that Westley Retzler and Laura Warden were required to use in drafting amended pleadings.

7. The Clerk of Court shall issue summonses. Service of the summonses and the Complaint shall be made by the U.S. Marshals Service upon **ONLY** on the following Defendants

as numbered in the caption of the Second Amended Complaint: 1. William McCauley III; 4. Scott Swichar; 8. Robert Coulton; 11. Thomas Scott; 12. Ralph Johnson; 16. Raymond Blalock; 17. Robert Swartzwalter; 18. Thomas Barton; 19. Kevin Jackson; 22. Robert McTaque; 23. Mark Titus; 24. Larry J. Mascia III; 25. Carl Demidio; 25-1 John Doe #1; 26. Dave Capponi; 27. Township of Bristol; 43. Blalock Automotive; 44. County of Bucks; and 46. John Doe #2. Retzler and Warden will be required to complete USM-285 forms so that the Marshals can serve these Defendants. Failure to complete those forms may result in dismissal of this case.

8. If service is made, the remaining Defendants listed in Paragraph 7 shall file responsive pleadings limited to claims involving the incident alleged to have occurred on April 26 and/or April 27, 2017 involving the entry onto Retzler's and Warden's land and the seizure of their property.

9. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
> 
> _____
>    (Signature)"

10. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Retzler and

Warden are specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

11. Retzler and Warden are specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Retzler and Warden shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

12. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

13. In the event a summons is returned unexecuted, it is Retzler's and Warden's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

14. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

**BY THE COURT:**

**Berle M. Schiller, J.**